IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-512-BO-KS

SHANELLE MORRIS-WILKINS, )
Executor & Beneficiary of Danny Wilkins )
Estate, )
                                                       )
                       Plaintiff, )
                                                       )
v. )          O R D E R
                                                       )
LARONNA BELL, )
                                                       )
                       Defendant. )

       This cause comes before the Court on the memorandum and recommendation of United States Magistrate Judge Kimberly A. Swank as well as several motions filed by plaintiff. The appropriate responses and replies have been filed, or the time for doing so has expired, and in this posture all matters are ripe for disposition.

## BACKGROUND

       Plaintiff proceeds in this action *pro se*, filing claims against defendant Bell regarding the proceeds of a $150,000 life insurance policy issued by Assurity Insurance Company issued to Danny Wilkins, plaintiff's spouse. *See* [DE 1]; [DE 5] ¶ 6. The Assurity policy named Bell, the Wilkins' sister, as beneficiary. *See* [DE 5] ¶¶ 7, 16. Plaintiff alleges that Wilkins intended to change each of his life insurance policies to name plaintiff as the beneficiary. *See id.* ¶¶ 5(a)-5(b); 7. Wilkins died on October 3, 2021, and defendant remained the named beneficiary on the Assurity policy. *Id.* ¶¶ 7, 8. Plaintiff contends that this was due to clerical errors by the insurance agent and Assurity. *Id.* ¶ 6(a).

Plaintiff alleges that on the day of Wilkins' death, defendant informed plaintiff that she would give the policy proceeds to plaintiff if she (Bell) remained the beneficiary of the policy. *Id.* ¶ 8. Though defendant gave plaintiff some money for reasons related to the estate, she has not given plaintiff the $150,000 in Assurity life insurance proceeds. *Id.* ¶ 11.

Plaintiff alleges state law claims against defendant for breach of contract, unjust enrichment, and interference with contractual relations. Defendant has appeared and filed a motion to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). [DE 17]. Plaintiff then sought leave to file an amended complaint. [22]. These motions were referred to Magistrate Judge Swank for entry of a memorandum and recommendation pursuant to 28 U.S.C. § 636. Additional motions were also referred to Magistrate Judge Swank for disposition.

On April 15, 2025, Magistrate Judge Swank granted plaintiff's motion to strike inadvertently filed documents. [DE 44]. The same day, Magistrate Judge Swank granted defendant's motion to stay discovery, denied plaintiff's request for sanctions, denied plaintiff's motion to expedite proceedings and for scheduling order, and denied defendant's motion to expedite the motion to stay discovery as moot. [DE 45]. On April 23, 2025, plaintiff filed a motion for leave to file an amended complaint and a notice of non-consent and objection to magistrate judge jurisdiction. [DE 46]; [DE 47].

On May 30, 2025, Magistrate Judge Swank entered a memorandum and recommendation (M&R) recommending that plaintiff's motion for leave to amend the complaint be denied and defendant's motion to dismiss be granted. [DE 49]. On June 16, 2025, plaintiff filed a motion to vacate Magistrate Judge Swank's orders at [DE 44] and [DE 45]. [DE 50]. Plaintiff also filed a notice regarding magistrate's lack of jurisdiction over dispositive orders, [DE 51], and an objection to the M&R. [DE 52]. Plaintiff was ordered to file an objection to the M&R which complied with

2

the Local Civil Rules, and was given until August 29, 2025, to file her objection. [DE 53]; [DE 56]. The case was reassigned to the undersigned, [DE 57], and on September 8, 2025, plaintiff filed an objection to the M&R, [DE 58], an objection regarding [DE 44], and a motion for leave to file a third amended complaint. [DE 60]. Finally, plaintiff has filed a notice of medical impairment and a request for an indefinite stay of this action. [DE 61]. Defendant has responded to plaintiff's objections to the M&R and other orders and the motion for stay. [DE 62].

## DISCUSSION

United States magistrate judges are authorized to hear and decide nondispositive pretrial motions. 28 U.S.C. § 636(b)(1). Federal Rule of Civil Procedure 72(a) provides that, where a non-dispositive pretrial matter is referred to a magistrate judge, a party may file objections to the magistrate judge's order within fourteen days after being served with a copy of the order. Fed. R. Civ. P. 72(a); *see also* Local Civil Rule 72.4(a). The district judge to whom the case is assigned shall "consider timely objections and modify or set aside any portion of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Under the clearly erroneous standard, the magistrate judge's decision must be affirmed unless the district court's review results in the "definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). Additionally, "[i]n light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused." *Patrick v. PHH Mortg. Corp.*, 298 F.R.D. 333, 336 (N.D.W. Va. 2014) (quoting *Shoop v. Hott*, 2010 U.S. Dist. LEXIS 128740, 2010 WL 5067567, *2 (N.D.W. Va. Dec. 6, 2010)).

A magistrate judge is also authorized to submit proposed findings and recommendations for disposition on any dispositive motions. *See* 28 U.S.C. § 636(b)(1)(B); Local Civil Rule 72.3(c).

3

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up) (emphasis omitted); *see also* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3). A party's objections must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "[W]hen reviewing pro se objections to a magistrate's recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023). Where no specific objections have been filed, the court reviews for clear error only. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). On clear error review, the court has no obligation to explain its reasoning for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

The Court considers first plaintiff's objections to the non-dispositive decisions of Magistrate Judge Swank. Plaintiff first filed a notice of non-consent and objection to magistrate judge jurisdiction following entry of the order at [DE 45], arguing that she had not consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(b)(1). [DE 48]. "Nondispositive matters may be referred to a magistrate judge without the parties' consent." *Mvuri v. Am. Airlines, Inc.*, 776 F. App'x 810 (4th Cir. 2019). The referral of motions related to discovery, expediting the proceeding, and sanctions to Magistrate Judge Swank did not amount to an exercise of jurisdiction by a magistrate judge under § 636(c) without plaintiff's consent, and plaintiff's objection [DE 48] is overruled.

4

Plaintiff also filed objections to the orders at [DE 44] and [DE 45] on June 16, 2025, as well as a motion to vacate the orders. [DE 50]. Insofar as plaintiff has raised additional objections to the orders at [DE 44] and [DE 45], such objections are untimely and therefore overruled. In her motion under Fed. R. Civ. P. 60(b)(4), plaintiff again argues that she has not consented to magistrate judge jurisdiction. First, the orders at [DE 44] and [DE 45] are not final judgments, orders, or proceedings, and thus a motion under Rule 60(b) does not provide grounds on which to vacate the challenged decisions. Moreover, as discussed above, the Court does not need consent of the parties to refer a nondispositive motion to a magistrate judge for disposition. Plaintiff's challenge is therefore without merit, and her motion to vacate [DE 50] is denied. Plaintiff again filed objections to the orders at [DE 44] and [DE 45] on September 8, 2025. [DE 59]. Plaintiff characterizes the motions decided by the orders at [DE 44] and [DE 45] as dispositive and contends that the magistrate judge exceeded her authority. These objections are untimely and overruled. Additionally, the motions decided by the magistrate judge were not dispositive and an M&R was not required. *See, e.g., Segal v. L.C. Hohne Contractors, Inc.*, 303 F. Supp. 2d 790, 795 (S.D.W. Va. 2004) ("motions for sanctions are not dispositive by nature"). Plaintiff has further failed to show any clear error in the magistrate judge's decision.

The Court next considers the M&R entered by Magistrate Judge Swank, which recommends dismissal of plaintiff's complaint and denial of leave to amend the complaint. Plaintiff's objection to the M&R was filed outside of the time provided by the Court's order. *See* [DE 53]; [DE 56]. Plaintiff was warned that the Court "maintain[ed] the right to summarily deny or refuse to consider any document not filed in compliance with this order or the Local Rules." [DE 53] at 2 (citation and alterations omitted). Accordingly, the Court need not consider plaintiff's untimely objections and need only review the M&R for clear error.

The Court has reviewed the M&R for clear error and finds none.[1] The M&R is therefore adopted in full.

The Court next considers plaintiff's motion for leave to file a third amended complaint. [DE 60]. Rule 15(a) provides that leave to amend a pleading should be freely given where justice so requires. Fed. R. Civ. 15(a); *Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 461 (4th Cir. 2013). "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). "An amendment is futile when the proposed amended complaint does not state a claim under Fed.R.Civ.P. 12(b)(6)." *Oliver v. Dep't of Pub. Safety & Corr. Servs.*, 350 F. Supp. 3d 340, 346 (D. Md. 2018).

Under Rule 12(b)(6), the Court must determine whether the complaint alleges enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted). However, a court does not "act as an advocate for a pro se litigant," *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978), nor is it required to "'discern

---

[1] Even if the Court were to consider those portions of the M&R to which plaintiff filed an untimely objection de novo, the Court finds that plaintiff has failed to plausibly allege a claim for tortious interference with contract, that even under the liberal standards applicable to *pro se* complaints plaintiff has failed to plausibly allege claims for breach of contract and unjust enrichment, and that amendment of the complaint to add a civil RICO claim would be futile.

6

the unexpressed intent of the plaintiff[.]'" *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n. 3 (4th Cir. 2006) (en banc)).

Plaintiff's proposed third amended complaint would add a claim for intentional infliction of emotional distress as well as additional defendants. [DE 60-1]. Plaintiff has filed only an "outline/synopsis" of her proposed third amended complaint. *Id.*

As discussed above, plaintiff's claims for breach of contract, unjust enrichment, and tortious interference with contract are properly dismissed. The abbreviated factual support alleged in plaintiff's proposed third amended complaint does not support permitting any of these claims to proceed. The same is true for plaintiff's proposed RICO claim. In support of her proposed claim for intentional infliction of emotional distress, plaintiff alleges "extreme/outrageous conduct causing severe emotional distress." *Id.* at 5. This bare allegation alone is insufficient to plausibly allege a claim for intentional infliction of emotional distress, even when construing plaintiff's claim liberally. Plaintiff identified five additional defendants that she would name, but she has included factual allegations as to only one, and those factual allegations are speculative and conclusory. In sum, plaintiff's proposed amendments are futile in that they fail to state a claim upon which relief could be granted, and her motion to amend [DE 60] is denied.

Finally, as the Court concludes that dismissal of the operative complaint and denial of leave to amend are warranted, plaintiff's motion to stay these proceedings [DE 61] is denied as moot.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's objections to the orders entered by Magistrate Judge Swank at [DE 44] and [DE 45] are OVERRULED and those orders are AFFIRMED. Plaintiff's motion [DE 50] to strike the orders at [DE 44] and [DE 45] is DENIED. Plaintiff's objections to the memorandum and recommendation of Magistrate Judge Swank are

7

OVERRULED and the memorandum and recommendation [DE 49] is ADOPTED in FULL. Defendant's corrected motion to dismiss [DE 17] is GRANTED and plaintiff's motion to file an amended complaint [DE 46] is DENIED for the reasons provided in the recommendation. Plaintiff's motion for leave to file a third amended complaint [DE 60] is DENIED and plaintiff's motion to stay proceedings [DE 61] is DENIED as moot.

As the complaint has been dismissed and leave to amend the complaint has been denied, the clerk is DIRECTED to close this case.

SO ORDERED, this **30** day of January 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

8

Case 5:24-cv-00512-BO-KS   Document 63   Filed 01/30/26   Page 8 of 8