IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-512-BO-KS

SHANELLE MORRIS-WILKINS,              )
Executor & Beneficiary of Danny Wilkins )
Estate,                               )
                                      )
                    Plaintiff,        )
                                      )
       v.                             )              O R D E R
                                      )
LARONNA BELL,                         )
                                      )
                    Defendant.        )

This cause comes before the Court plaintiff's motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). [DE 65]. Defendant has responded in opposition, [DE 66], and the time for filing a reply has expired. Defendant has filed a motion for sanctions against plaintiff, [DE 67], to which plaintiff has failed to respond within the time provided. In this posture, both motions are ripe for disposition.

Plaintiff, who proceeds *pro se*, filed this action regarding the proceeds of a $150,000 life insurance policy issued by Assurity Insurance Company to Danny Wilkins, plaintiff's spouse. By order and judgment entered January 30, 2026, the Court adopted the memorandum and recommendation of United States Magistrate Judge Kimberly Swank, granted defendant's corrected motion to dismiss, and denied plaintiff's motions for leave to file amended complaints. [DE 63]; [DE 64]. In her motion to alter or amend the judgment, plaintiff argues that Rule 59(e) permits a court to alter or amend a judgment to correct clear error of law or prevent manifest injustice, and that limited reconsideration of the Court's judgment is warranted to permit plaintiff to file an amended complaint. [DE 65].

A party may move a court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e). Reconsideration of a judgment is an extraordinary remedy, *Pac. Ins. Co. v. American Nat' l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998), and the decision to alter or amend a judgment is committed to the discretion of the district court. "When a plaintiff seeks leave to amend a complaint through a Rule 59(e) motion, 'the broad standard for allowing a court to grant the motion allows the court simply to turn to the standard applicable to the motion to amend.'" *Babb v. Isom*, No. 24-1916, 2026 WL 1031821, at *2 (4th Cir. Apr. 16, 2026) (quoting *Daulatzai v. Maryland*, 97 F.4th 166, 178-79 (4th Cir. 2024)). "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986).

Plaintiff argues that discovery clarified a narrow, independent contract claim, specifically a post-death agreement with defendant to return the life insurance proceeds, citing text messages and payments to plaintiff by defendant using Zelle. But she has previously relied on the same evidence and allegations in support of her amended complaint, objections to Magistrate Judge Swank's M&R, and proposed third amended complaint. *See, e.g.,* [DE 7-4]; [DE 52-4] [DE 60] at 2 (proposing to allege a breach of contract claim based on defendant's post-death oral/text promises to return life insurance proceeds). As the Court has already determined that dismissal of plaintiff's complaint and denial of leave to amend was warranted, it concludes that an amendment at this stage based on the same evidence and allegations previously presented would be futile. *See also Pac. Ins. Co.*, 148 F.3d at 403 (party may not use Rule 59(e) motion to raise arguments which could have been raised prior to entry of judgment or argue a novel legal theory that was previously available.). Accordingly, the Court denies plaintiff's Rule 59(e) motion.

2

Defendant requests the imposition of sanctions against plaintiff, specifically the imposition of attorney fees incurred in responding to plaintiff's duplicative filings. [DE 67]. The Court, in the exercise of its discretion, denies defendant's request for sanctions without prejudice.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion to alter or amend judgment [DE 65] is DENIED. Defendant's motion for sanctions [DE 67] is DENIED without prejudice.

SO ORDERED, this 15 day of May 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3